HARRIS, &c.
vs
CULVER.
</div>

*Tarner* for the appellant.

---

<div style="text-align: center">

## Harris, &c. vs Culver.

ERROR TO THE ESTILL CIRCUIT.

*Assignments. Husband and wife.*
</div>

<div style="text-align: right">

DEBT.

*Case* 79.

*June* 6.

Case and pleadings.
</div>

JUDGE SIMPSON delivered the opinion of the Court.

THIS suit was brought on a note executed by the plaintiffs in error, to M. B. Mosely, assigned by Mosely to Eveline King, and by the latter to N. W. Culver, in whose name the suit was instituted.

The obligors in the note filed a plea, alleging that the assignor, Eveline King, was then, and at the time the note was assigned to her, and by her to the plaintiff, the wife of one Simon P. King.

To this plea a replication was filed, averring that at the time the assignment was made by Eveline King to the plaintiff, her husband, Simon P. King, was present, and the assignment was made by his direction, and with his assent.

A demurrer having been filed to this replication, it was overruled, and a judgment rendered for the plaintiff, from which this writ of error is prosecuted by the defendants.

The assignment of the note to the wife, vested the legal interest in the husband. To transfer this interest, an assignment in the name of the husband, was necessary. The endorsement in the name of the wife could not have this effect. Had the assignment been made in his name, by her with his assent, it would have been sufficient to have passed his interest, as she would have been considered his agent for the purpose. But as the

<div style="text-align: right">

An assignment must be in the name of the person holding the legal property in the note, is indispensible to authorize an action in the name of the assignee.
</div>

HARRIS, &c.
*vs*
CULVER.

legal title to the note became, by operation of law, vested in the husband, and he was virtually the assignee when the transfer was made to the wife, he alone by himself or agent, could by an assignment in his own name, pass the title to another: *Barlow* vs *Bishop*, (1 *East*. 432; *Chitty on Bills*, 19.)

The wife assigning the note of the husband in her name, tho' done in the presence of the husband, will not pass the legal right to the note and authorize a suit in the name of the assignee.

At first view, the case of *Cotes* vs *Davis*, (1 *Campbell*, 485,) would seem to conflict with this doctrine, and sustain as valid the assignment in the name of the wife. That case, however, has this peculiarity, that the wife was called Carter, and traded in that name, her husband being by the name of Cole. The Court said to the jury, that they might presume that her husband authorized her to trade and endorse notes by the name in which she herself passed in the world. The only way in which the case seems to be reconcilable with well settled principles upon the subject, is to regard the transfer to the wife, as not passing the legal interest in the instrument to the husband, because it was made to her in an assumed name, and not in the name of her husband. If the legal interest and title to the instrument vested in the husband when the transfer was made to the wife, it is difficult to perceive the process of reasoning by which they could be made to pass to a third person, by any assignment except one in the name of the husband.

It seems to us, therefore, that the assignment made in the name of Eveline King, did not pass to Culver the legal title to the note sued on.

Wherefore, the judgment is reversed, and cause remanded, with directions to sustain the defendant's demurrer to the plaintiff's replication.

*Noland* for plaintiff; *Hanson* for defendants.